OPINION
On August 20, 1997, the Stark County Grand Jury indicted Appellant David Barnes on one count of burglary and one count of vandalism. Appellant and his co-defendant, Benjamin Finnell, forcibly trespassed into the Swaffield residence located at 815 Donner Avenue S.W., North Canton. While in the residence, appellant and his co-defendant stole or destroyed various household items causing severe damage to the residence from the second floor to the basement. Officers from the North Canton Police Department apprehended appellant and his co-defendant as they were running from the Swaffield residence.
Appellant confessed to breaking into the residence to "get back" at his co-defendant's ex-girlfriend, Beth Swaffield. The damage to the residence included: slashed family pictures, use of beds, food and clothes, urination throughout the residence and structural damage to the house itself. Stuffed animals had their heads torn off, the Swaffield's fourteen-year-old son's fish were poisoned by items thrown into the fish tank and knife blades were found throughout the residence after being used to slash and gouge personal items and furniture. The repairs to the residence included replacing wallpaper and carpet in all rooms, furniture, windows and every light fixture in the residence with the exception of one fixture in the kitchen. The damage to the residence was estimated at $70,000.
On September 2, 1997, appellant entered guilty pleas to both counts contained in the indictment and requested community control sanctions. The trial court ordered a pre-sentence investigation and deferred sentencing. On September 29, 1997, the trial court sentenced appellant to a definite period of incarceration of three years on the burglary count and ordered $70,000 in restitution. The trial court ordered a concurrent period of incarceration of eighteen months and the same amount of restitution for the vandalism count.
Appellant timely filed his notice of appeal and sets forth the following assignment of error:
 I. THE TRIAL COURT'S SENTENCE IN THIS MATTER WAS AN ABUSE OF DISCRETION AND NOT SUPPORTED BY THE RECORD.
 I
Appellant contends, in his sole assignment of error, that the trial court abused its discretion in sentencing him to three years incarceration and restitution for one count of burglary and a concurrent sentence of eighteen months incarceration and restitution for one count of vandalism. Appellant maintains the trial court abused its discretion because the circumstances of the offense and the pre-sentence investigation report did not support incarceration for these offenses. We disagree.
R.C. 2929.11 sets forth the overriding purposes of felony sentencing. This statute provides:
 (A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
 (B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar offenders.
A trial court had discretion to determine the most effective way to comply with the purposes and principles of sentencing. R.C. 2929.12(A); State v. O'Dell (1989), 45 Ohio St.3d 140. As a reviewing court, we will not disturb a trial court's decision as it pertains to sentencing unless we find an abuse of discretion. This connotes more than an error of law or judgment, it implies the court's attitude is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. It is pursuant to this standard that we review appellant's assignment of error.
R.C. 2929.13(C) addresses sentencing for third degree felonies and provides:
 (C) Except as provided in division (E) or (F) of this section, in determining whether to impose a prison term as a sanction for a felony of the third degree * * *, the sentencing court shall comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code and with section 2929.12 of the Revised Code.
This section of the statute does not set forth a preference for or against a prison sentence. Therefore, the imposition of a three year definite term of incarceration is permissible under the statute and we find the trial court did not abuse its discretion in imposing such a sentence due to the nature of the crime committed by appellant.
As to the fourth degree felony of vandalism, the trial court was required to determine the applicability of the following factors contained in R.C. 2929.13(B)(1):
 (B)(1) Except as provided in division (B)(2), (E), or (F) of this section, in sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:
 (a) In committing the offense, the offender attempted to cause physical harm to a person.
 (b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
 (c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.
 (d) The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.
 (e) The offender committed the offense for hire as part of an organized criminal activity.
 (f) The offense is a sex offense that is a fourth or fifth degree felony violation of section 2907.03, 2907.04, 2907.05, 2907.22, 2907.31, 2907.321, 2907.322, 2907.323, or 2907.34 of the Revised Code.
(g) The offender previously served a prison term.
 (h) The offender previously was subject to a community control sanction, and the offender committed another offense while under the sanction.
If the trial court finds one of the factors set forth above applicable, the court may mandate a prison sentence upon further findings pursuant to R.C. 2929.13(2)(a). This statute provides:
 If the court makes a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), or (h) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a prison term is consistent with the purposes and principals of sentencing set forth in section 2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender.
However, if the trial court does not find any of the listed factors applicable to the offender and also finds community control sanctions to be appropriate, then R.C. 2929.13(B)(2)(b) requires the imposition of community control sanctions. Specifically, this statute provides:
 If the court does not make a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), or (h) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a community control sanction or combination of community control sanctions is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code, the court shall impose a community control sanction or combination of community control sanctions upon the offender.
In the case sub judice, the trial court made no specific finding of the factors contained in R.C. 2929.13(B) relative to the fourth degree felony offense. Therefore, the trial court was required to sentence appellant to community control sanctions for this offense if the trial court found that such a sanction was consistent with the overriding purposes and principles of sentencing. Appellant argues, on appeal, that he was considered a favorable candidate for community control sanctions.
In its judgment entry of October 2, 1997, the trial court found community control sanctions to be inappropriate because it would not protect the public or would demean the seriousness of the offense. The trial court further held that prison was consistent with the purposes of R.C. 2929.11 and that the appellant was not amenable to community control sanctions. It was within the trial court's discretion to determine that community control was not consistent with R.C. 2929.11 and was not required by R.C. 2929.13(B)(2)(b).
Appellant's assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: Wise, J., Hoffman, P. J., and Reader, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.